1  Mary Jean Pedneau    California State Bar No. 126157
   e-mail: mjpedneau@aol.com
2  William R. Larr      California State Bar No. 061825
   e-mail: williamrlarr@aol.com
3  LAW OFFICES OF MARY JEAN PEDNEAU
   2280 Wardlow Circle, Suite 280
4  Corona, California 92880-8400
   951-736-1225
5  951-736-1227 (FAX)

6  Attorneys for Defendant, The Strunzo Development Corporation of California aka Strunzo
   Development Corporation
7

8                **UNITED STATES DISTRICT COURT**

9            **CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION**

10

11  COMPASS BANK, an Alabama           )   CASE NO: ED CV 11 - 00871 VAP
    Corporation,                        )   (DTBx)
12                                      )   Related Case EDCV 11-01201 VAP (OPx)
                                        )   Honorable Virginia A Phillips
13                Plaintiff,            )   Courtroom 2
                                        )
14         v.                           )   **STATEMENT OF**
                                        )   **UNCONTROVERTED FACTS IN**
15  CHRIS M. PETERSON, an individual;   )   **SUPPORT OF DEFENDANT, THE**
    CAROLINA L. PETERSEN, an individual;)   **STRUNZO DEVELOPMENT**
16  CP FINANCIAL AND CP REALTY, INC.,   )   **CORPORATION OF CALIFORNIA**
    a California Corporation; THE STRUNZO)  **AKA STRUNZO DEVELOPMENT**
17  DEVELOPMENT CORPORATION OF          )   **CORPORATION'S MOTION FOR**
    CALIFORNIA aka STRUNZO              )   **SUMMARY JUDGMENT**
18  DEVELOPMENT CORPORATION, a          )
    California Corporation; and Does 1 through) Hearing Date: July 9, 2012
19  10, inclusive,                      )   Time:          2:00 p.m.
                                        )   Courtroom:     2
20                Defendants.           )
                                        )
21  _____   )

22         Pursuant to Local Rule 56-1, Defendant, The Strunzo Development Corporation of

23  California aka Strunzo Development Corporation, submits this "Statement of Uncontroverted

24  Facts" in support of its Motion for Summary Judgment against Plaintiff, Compass Bank.

25  /////

26  /////

27  /////

28

---

1

Separate Statement for MSJ   CASE NO: ED CV 11 - 00871 VAP (DTBx)

| UNCONTROVERTED FACT | EVIDENCE |
|---|---|
| **FACT NO. 1** | **SUPPORTING EVIDENCE** |
| Defendants Christopher M. Petersen and Carolina L. Petersen ("Petersens") were the owners of real property commonly known as 27311 Peninsula Drive, Lake Arrowhead, California ("the Property"). | First Amended Complaint ("FAC"), Paragraphs 12 and 13. |
| **FACT NO. 2** | **SUPPORTING EVIDENCE** |
| The Petersens encumbered the Property with a deed of trust ("the CP DOT") as security for a loan to Christopher Petersen of $1,760,200). ("CP loan"). | FAC, Paragraph 12. |
| **FACT NO. 3** | **SUPPORTING EVIDENCE** |
| The CP DOT was recorded in the San Bernardino County Recorder's Office on October 31, 2007, and shows that the "Lender" listed thereon is "CP Financial and CP Realty, Inc." ("CP"), the Trustee is listed as "Stewart Title of California, Inc." ("Stewart Title"), and the Beneficiary is listed as Mortgage Electronic Registration Systems, Inc. ("MERS"). | FAC, Paragraph 12 and Exhibit "l" thereto; and Exhibit "3" to Declaration of Lore Hilburg in Support of Motion of Defendant The Strunzo Development Corporation of California ("Strunzo") for Summary Judgment ("Hilburg Declaration") . |

| | |
|---|---|
| **FACT NO. 4** | **SUPPORTING EVIDENCE** |
| No assignment of the beneficial interest of the CP DOT was ever recorded until the assignment of the beneficial interest from MERS to Plaintiff, which was recorded on February 11, 2011. | Hilburg Declaration, Paragraphs 21(e) and 22 and Exhibit "7" thereto. |
| **FACT NO. 5** | **SUPPORTING EVIDENCE** |
| On May 12, 2009, a Substitution of Trustee ("2009 Substitution of Trustee") was recorded purporting to substitute Recontrust Company in place of Stewart Title as trustee on the CP DOT. On the same day, a Notice of Trustee's Sale ("2009 Notice of Trustee's Sale") was recorded in connection with the CP DOT. | Hilburg Declaration, Paragraph 21(b) and (c) and Exhibits "4" and "5" thereto. |
| **FACT NO. 6** | **SUPPORTING EVIDENCE** |
| At no time was a Trustee's Deed Upon Sale recorded based on the 2009 Notice of Trustee's Sale. | Hilburg Declaration, Paragraph 32. |

/////
/////
/////
/////

| | |
|---|---|
| **FACT NO. 7** | **SUPPORTING EVIDENCE** |
| On May 18, 2010, CP executed and recorded a Substitution of Trustee and Full Reconveyance of the CP DOT ("2010 Substitution of Trustee and Full Reconveyance"). | Hilburg Declaration, Paragraph 21(d) and Exhibit "6" thereto. |
| **FACT NO. 8** | **SUPPORTING EVIDENCE** |
| After the 2010 Substitution of Trustee and Full Reconveyance was recorded, defendant Strunzo made a loan to defendants Petersens of $227,500 ("Strunzo loan") which was secured by a deed of trust against the Property and recorded on January 14, 2011 ("Strunzo DOT"). | Declaration of Pasquale P, Caiazza In Support Of Motion Of Defendant The Strunzo Development Corporation Of California For Summary Judgment ("Caiazza Declaration"), Paragraphs 4,5,and 17 , and Exhibit "1" thereto. |
| **FACT NO. 9** | **SUPPORTING EVIDENCE** |
| At the time of making the Strunzo loan, Strunzo had no actual knowledge of any claim that the CP DOT was a lien on the Property. | Caiazza Declaration, Paragraphs 14 and 15. |

/////

/////

/////

/////

| | |
|---|---|
| **FACT NO. 10** | **SUPPORTING EVIDENCE** |
| The express terms of the CP DOT authorize only the designated "Lender" to substitute the trustee of said deed of trust. | Hilburg Declaration, Exhibit "3" thereto, Section 24. |
| **FACT NO. 11** | **SUPPORTING EVIDENCE** |
| Section 24 of the CP DOT states that the Lender may "appoint a successor trustee to any Trustee appointed hereunder . . .". | Hilburg Declaration, Exhibit "3" thereto, Section 24. |
| **FACT NO. 12** | **SUPPORTING EVIDENCE** |
| Section 24 of the CP DOT states that the substitution of trustee "shall contain the name of the original Lender, Trustee and Borrower", which is true of the 2010 Substitution of Trustee and Full Reconveyance, but is not true of the 2009 Substitution of Trustee, as the latter does not contain the name of the original Lender. | Hilburg Declaration, Paragraph 29, Exhibit "3" thereto, Section 24 and Exhibits "4" and "6" thereto |
| **FACT NO. 13** | **SUPPORTING EVIDENCE** |
| Section 24 of the CP DOT states: "This procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution". | Hilburg Declaration, Exhibit "3" thereto, Section 23. |

| | | |
|---|---|---|
| 1 | **FACT NO. 14** | **SUPPORTING EVIDENCE** |
| 2 | Section 23 of the CP DOT authorized the | Hilburg Declaration, Exhibit "3" thereto, |
| 3 | Lender to instruct the trustee to fully | Section 24. |
| 4 | reconvey the CP DOT. | |
| 5 | | |
| 6 | **FACT NO 15** | **SUPPORTING EVIDENCE** |
| 7 | A diligent and proper title search of the | Hilburg Declaration, Paragraphs 22 and 24, |
| 8 | public records affecting title to the Property | and Paragraphs 1-43. |
| 9 | at the time of the Strunzo loan showed that | |
| 10 | the CP DOT had been fully reconveyed. | |
| 11 | | |
| 12 | **FACT NO. 16** | **SUPPORTING EVIDENCE** |
| 13 | A diligent and proper title search of the | Hilburg Declaration, Paragraphs 25-42. |
| 14 | public records affecting title to the Property | |
| 15 | at the time of the Strunzo loan disclosed no | |
| 16 | recorded documents that would raise a duty | |
| 17 | of inquiry regarding validity of the 2010 | |
| 18 | Substitution of Trustee and Full | |
| 19 | Reconveyance. | |
| 20 | ///// | |
| 21 | ///// | |
| 22 | ///// | |
| 23 | ///// | |
| 24 | ///// | |
| 25 | ///// | |
| 26 | ///// | |
| 27 | ///// | |
| 28 | ///// | |

| | | |
|---|---|---|
| 1 | **FACT NO. 17** | **SUPPORTING EVIDENCE:** |
| 2 | At the time of the Strunzo loan, Strunzo's | Declaration of Daniel M. Gonzalez In |
| 3 | agent and loan broker, Daniel Gonzalez, | Support Of Motion Of The Strunzo |
| 4 | investigated the status of the CP DOT by | Development Corporation Of California For |
| 5 | inquiring about it to Christopher Petersen | Summary Judgment, Paragraphs 8-9; |
| 6 | and to the legal department of Stewart Title | Caiazza declaration, Paragraphs 6-8. |
| 7 | Company of California, Inc., and was | |
| 8 | assured by them that the CP DOT had been | |
| 9 | fully released from the Property. | |

LAW OFFICES OF MARY JEAN PEDNEAU
An unincorporated Law Firm

Dated: June 6, 2012   By:   /s/ Willliam R. Larr
MARY JEAN PEDNEAU
mjpedneau @aol.com
WILLIAM R. LARR
williamrlarr@aol.com
Attorneys for Defendant, The Strunzo Development Corporation of California aka Strunzo Development Corporation

1

**PROOF OF SERVICE**

I the undersigned declare, that I am over the age of 18 and not a party to this action. I am employed in the City of Corona, Riverside County, State of California. I am employed with and my business address is the Law Office of Mary Jean Pedneau, located at 2280 Wardlow Circle, Suite 280, Corona, California 92880-8400.

On June 6, 2012, I caused to be served the within document described as **STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF DEFENDANT, THE STRUNZO DEVELOPMENT CORPORATION OF CALIFORNIA AKA STRUNZO DEVELOPMENT CORPORATION'S MOTION FOR SUMMARY JUDGMENT,** by placing the true copies thereof enclosed in sealed envelopes addressed as follows:

Peter M. Watson, Esq. SBN 258784
pwatson@wrightlegal.net
T. Robert Finlay, Esq. SBN 167280
rfinlay@wrightlegal.net
Wright Finlay & Zak, LLP
4665 MacArthur Court, Suite 280
Newport Beach, CA 92660
949-477-5050
949-477-9200 (fax)
Counsel for Plaintiff

Christopher M. Petersen, in Pro Per
cpetersen@cpfinancialinc.com
Carolina L. Petersen, in Pro Per
clpetersen@cpfinancial.com
12012 W. Washington Blvd. #C
Los Angeles, CA 90066
310-313-1254

In Pro Se for Defendants, Christopher M. Petersen, Carolina L. Petersen and CP Financial and CP Realty, Inc.

(X) (**BY MAIL**) I am "readily familiar" with the firms's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U. S. Postal Service on that same day with the postage thereon fully prepaid at Corona, California in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

(X) (**BY ELECTRONIC SERVICE**) Pursuant to CM/EMS System, registration as CM/EMF user constitutes consent to electronic service through the Court's transmission facilities. The Court's CM/EMF system sends an e-mail notification of the filing to the parties and counsel of record listed above who are registered with the Court's EC/ECF system.

(X) (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made

EXECUTED on June 6, 2012, at Corona, California.

/s/ Roberta A. Comstock
ROBERTA A. COMSTOCK